**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00433-CMA-KMT

ALAN RAMON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
ERIC DENKE, individually,
KARL ROLLER, individually,
AARON KAFER, individually,
JOHN SPEZZE, individually, and
MICHAEL ANICH, individually,

    Defendants.

**ORDER DENYING MOTION TO DISMISS**

This is a Fourth Amendment suit alleging excessive use of force by the Denver Police Department ("DPD"). This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Third and Fourth Claims of Relief Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 27.) For the reasons stated below, Defendants' motion is denied.

### I. BACKGROUND

**A.**     **Facts**

Given the procedural posture, the Court accepts Plaintiff's allegations as true and construes them in the light most favorable to Plaintiff.

Plaintiff alleges that on or about January 25, 2007, five Denver Police Department ("DPD") officers (the "Individual Defendants") appeared at the front door of Plaintiff's business attempting to gain access. (Doc. # 1-2, ¶ 6.)

The Individual Defendants demanded Plaintiff exit the business so an arrest warrant could be served upon him. Plaintiff, speaking through the front door, replied that he would exit the business once he could find someone to supervise his child, who was there with him. (*Id.*)

While Plaintiff was speaking to the Individual Defendants, one of them used a skeleton key to pick the lock. The Individual Defendants wrenched open the door and the first officer through immediately struck Plaintiff with a knee to Plaintiff's groin, causing him extreme pain. The rest of the Individual Defendants swarmed into the business and began punching and kicking Plaintiff, violently taking Plaintiff to the ground. (*Id.*, ¶ 7.)

Plaintiff alleges that he did not resist and kept pleading with the Individual Defendants to stop hurting him. During Plaintiff's arrest, the Individual Defendants stood on various parts of Plaintiff's body, causing him pain. Plaintiff adds that at no time during his arrest did he threaten the Individual Defendants and that he would cooperate with them once he secured supervision for his child. (*Id.*, ¶ 8.)

The Individual Defendants violently hand-cuffed Plaintiff and brought him to his feet. In the process, they slammed Plaintiff into the wall, causing his face and eye to

strike the edge of a window, which in turn caused a fracture to Plaintiff's orbital bone and extreme pain.  (*Id.*, ¶ 9.)

The Individual Defendants refused to take Plaintiff for medical treatment for his injuries and only did so after a Lieutenant at the police station ordered that he be given medical treatment.  (*Id.*, ¶ 10.)

Plaintiff later plead guilty to "interference with police authority" for the above-narrated events.  (Doc. # 27-2, Ex. A-3.)  Interference with policy authority is codified at section 38-31 of the Revised Municipal Code of the City and County of Denver.  Section (a) reads in part that "[i]t shall be unlawful for any person, in any way, to interfere with or hinder any police officer . . . while such officer . . . is discharging or apparently discharging his duties."  Section (c) states that "[i]t shall be unlawful for any person to fail to obey a lawful order of a police officer if such failure interferes with or hinders such police officer in the discharge of his official duties . . . ."  City and County of Denver, Colo., Code § 38-31 (2009).

The summons and complaint relating the underlying facts of his conviction states as follows:

> R.O. was called to above location to assist Cpl. Roller (94016) who had located [Plaintiff], by sight, as he was driving on W. 38th Ave.  Cpl. Roller had knowledge that Ramon had active warrants for his arrest from Arvada P.D. and Denver, and had tried to contact him at that location previously. [Plaintiff] was in front of listed address (business) but locked himself inside before officers could contact him. [Plaintiff] would not answer phone or come to the door.  Cpl. Roller had info from Arvada P.D. that [Plaintiff] had previously stated he would "shoot-it-out" with police and could have access to a gun.  After approx 30 mins [Plaintiff] came to front door but refused to open the door and yelled "Fuck you, I'll open it up when I'm

3

> ready." R.O. was able to manipulate the lock and open the door. [Plaintiff] pulled his arm away from R.O. and was taken to the floor [by] Ofc. Anich 05001 & Ofc. Denke 98002. [Plaintiff] struggled and would not bring his arm back. I was finally able to secure his left arm and he was handcuffed. While being transported and later while being placed in a cell he stated numerous times that he was going to assault Ofc. Anich saying, "I'm going to kick your fucking ass."

(Doc. # 27-2, Ex. A-5.)

**B.   Procedural History**

Plaintiff filed a complaint on February 2, 2009, alleging four claims for relief. The first two allege assault and battery against Individual Defendants Roller, Anich, Kafer, Spezze, and Denke. The third and fourth claims allege unconstitutional use of excessive force, under 42 U.S.C. § 1983, against the four individual defendants and their employer, the Denver Police Department and City and County of Denver.

Defendants filed a motion to dismiss on May 5, 2008, arguing that Plaintiff's third and fourth claims – those brought under 42 U.S.C. §1983 – are barred by the United States Supreme Court case *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff responded on June 17, 2008, to which Defendants replied on August 13, 2009.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6) (2007). The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence but rather to assess whether the claimant is entitled to even offer evidence. *See Dubbs v. Head*

*Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003); *Abell v. Sothen*, 214 Fed.Appx. 743, 750 (10th Cir. 2007) (citations and quotation marks omitted.)

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court, however, "need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

### III.  ANALYSIS

Defendants argue Plaintiff's third and fourth claims, each alleging excessive force in violation of the Fourth Amendment, should be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, The Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87.

Following *Heck's* mandate, the Court must consider whether a judgment in favor Plaintiff in his § 1983 claims would necessarily imply the invalidity of his conviction for interference with police authority.

For Plaintiff to win under § 1983, he must prove two elements: (1) that some person has deprived the plaintiff of a federal right, and (2) that the person did so under

6

color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

With respect to the first element, Plaintiff alleges that Defendants used excessive force in arresting him, in violation of the Fourth Amendment.  "The inquiry in an excessive force case is an objective one:  the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to underlying intent or motivation."  *Weigel v. Broad*, 544 F.3d 1143, 1151 (10th Cir. 2008) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989).

The Court evaluates reasonableness in light of the totality of the circumstances, *id.*, under which the Court weighs "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  *Cordova v. Aragon*, 569 F.3d 1183, 1188 (10th Cir. 2009).  In so doing, the Court considers factors such as the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, whether he is actively resisting arrest or attempting to evade arrest by flight, and whether the officers' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force.  *Weigel*, 544 F.3d at 1151-52*; Medina v. Cram*, 252 F.3d 1124, 1132 (10th Cir. 2001).

Defendant argues that by pleading guilty to interference with policy authority, Plaintiff admitted that he either interfered with or hindered the police while they discharged their duties.  (Doc. # 27 at 3.)  That may be so, but it does not follow that,

by admitting he interfered with police, Plaintiff is thus barred from pursuing his § 1983 claims of unconstitutional use of excessive force. The two are not mutually exclusive.

The interference conviction, based on the facts in the criminal complaint, seemingly apply to Plaintiff's behavior *before* the police entered the business: Plaintiff refusing to answer the phone or open the door, yelling obscenities through the door, etc. In contrast, Plaintiff's allegations of excessive force focus on what happened to him *after* they entered the business: kneeing him in the groin, taking him to the ground, standing on him, and slamming his head into a wall. Where the former alleges an initial interference with the arrest, the latter alleges a disproportionate response to that initial interference.

A closer look at *Heck v. Humphrey* will illuminate the distinction. In discussing the Court's holding, Justice Scalia gives the follow example: a § 1983 claim in which the plaintiff alleges unreasonable seizure under the Fourth Amendment after having been convicted of resisting arrest. *Heck*, 512 U.S. at 477 n.6. One of the elements of resisting arrest – at common law, which Justice Scalia uses for example – is the police effecting a *lawful* arrest. *Id*. Thus, in alleging an unreasonable seizure, i.e., an unlawful arrest, a successful plaintiff would necessarily invalidate his resisting arrest conviction, which has as one of its elements a lawful arrest. *See id.*

Here, the elements of interference with police authority charge say nothing of an unlawful arrest. The only mention of lawful police action as an element of the offense is in sub-section (c), which describes as interfering with police authority a person

disobeying a *lawful* police order.  City and County of Denver, Colo., Code § 38-31(c) (2009).  Plaintiff, however, is not challenging the lawfulness of his arrest nor the lawfulness of the defendants' orders.  Rather, he is challenging the lawfulness of the manner in which the defendants' effected the arrest.  *See Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999) (jury question existed as to whether the police officers effectuated a lawful arrest of Martinez in an unlawful manner).

These allegations not only plausibly entitle Plaintiff to relief under *Twombly* and *Iqbal* but also – construing inferences in Plaintiff's favor – do not necessarily invalidate his criminal conviction under *Hick v Humphrey.*

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Third and Fourth Claims of Relief Pursuant to Fed.R.Civ.P. 12(b)(6) is DENIED.

DATED:  September   29  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge