IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00433-CMA-KMT

ALAN RAMON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
ERIC DENKE, individually,
KARL ROLLER, individually,
AARON KAFER, individually,
JOHN SPEEZE, individually, and
MICHAEL ANICH, individually,

    Defendants.

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

This matter is before this court on "Defendants' Motion to Dismiss As Sanction for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b)" (Doc. No. 95 [hereinafter "Mot. to Dismiss"], filed March 8, 2010) and "Plaintiff's Response to Show Cause Order" (Doc. No. 92 [hereinafter Mot. for Extension], filed March 5, 2010). Plaintiff filed his "Response to Defendant's [sic] Motion to Dismiss" on March 26, 2010. (Doc. No. 99 [hereinafter "Resp to Mot. to Dismiss"].) Defendants did not file a reply. Defendants filed their response to the motion for extension of time on March 26, 2010. (Doc. No. 100 [hereinafter "Resp. to Mot. for

Extension"].) Plaintiff did not file a reply. These motions are ripe for ruling and recommendation.

Plaintiff filed his Complaint in the District Court for the City and County of Denver, Colorado, on January 25, 2008. (*See* Doc. 1-1.) Defendants removed the case to this Court on February 29, 2008. (Doc. No. 1.) Plaintiff served his initial disclosures pursuant to Fed. R. Civ. P. 26(a) on May 22, 2008. (*See* Doc. No. 39 at 6.) On June 23, 2008, this case was stayed as a result of Defendant Denke's military deployment overseas. (*See* Doc. 44.) Upon Defendant Denke's return, the stay was lifted, and this court held a Status/Scheduling Conference at which pretrial deadlines were set. (*See* Doc. Nos. 72, 73.)

On September 30, 2009, Defendants' counsel emailed Plaintiff's counsel requesting Plaintiff's availability for a deposition. (*See* Doc. 80-1.) Plaintiff's attorney failed to respond to counsel's request, and counsel again emailed Plaintiff's attorney in an attempt to schedule Plaintiff's deposition. (*See* Doc. 80-2.) On October 15, 2009, Plaintiff's attorney responded, stating that he was having trouble contacting Plaintiff, and noting that he might be forced to withdraw. (*See* Doc. 80-3.) Defendants' counsel responded the same day and requested from Plaintiff's attorney the documents listed in Plaintiff's Rule 26 disclosures. (*See id.*) After receiving no response, counsel again requested the documents on December 2, 2009. (*See* Doc. 80-4.)

On October 19, 2009, Defendants Kafer, Speeze and Denke served Plaintiff their First Set of Written Discovery, including interrogatories and requests for production of documents. (*See* Doc. 80-5.) Defense counsel again emailed Plaintiff's attorney on November 2, 2009, to

inquire about scheduling Plaintiff's deposition. (*See* Doc. 80-6.) On November 6, 2009, the parties moved to continue the scheduled settlement conference because of the parties' inability to schedule Plaintiff's deposition. (Doc. No. 77.) This court granted that motion. (Doc. No. 79.) On December 8, 2009, after receiving no response from Plaintiff's attorney regarding the pending disclosures, discovery requests, and deposition of Plaintiff, Defense counsel again contacted Plaintiff's counsel and indicated that Defendants were intending to file a motion to compel responses to their requests. (*See* Doc. 80-7.)

Defendants filed a motion to compel on December 17, 2009. (Doc. 80.) Defendants requested that the court order Plaintiff, pursuant to Fed. R. Civ. P. 37(a)(3), to immediately provide the documents listed in his initial disclosures, provide responses to all interrogatories and requests for production, and make Plaintiff available for a deposition. (*See id.*) Defendants further requested an order requiring Plaintiff's attorney, pursuant to Fed. R. Civ. P. 37(a)(5)(A), to pay Defendants' reasonable expenses, including attorney fees, incurred in bringing the motion. (*See id.*)

Plaintiff's attorney filed a motion to withdraw on December 17, 2009, stating Plaintiff was serving time in the Colorado Department of Corrections and "has been unable or unwilling to assist counsel in reviewing the relevant discovery." (Doc. No. 81, ¶¶ 1, 4.) The District Court denied the motion. (Doc. No. 83.) Plaintiff's attorney filed a second motion to withdraw on February 24, 2010, in which Plaintiff's counsel represented that he had had little to no contact with Plaintiff since August 2009 in which to discuss Plaintiff's incarceration or this pending litigation. (*See* Doc. No. 87.)

On February 25, 2010, this court held a hearing on the motion to compel. (*See* Doc. No. 90.) Defendants' motion to compel was granted in part. (*See id.*; *see also* Doc. No. 96.) The motion was granted insofar as it sought to compel discovery but denied as to Defendants' requests for fees and costs. (*See id.*; *see also* Doc. No. 96.) This court ordered Plaintiff to "submit full discovery responses on or before March 07, 2010." (*Id.*) This court also advised the parties it would issue an Order to Show Cause why this case should not be dismissed for failure to prosecute and ordered Defendants to file a status report on or before March 8, 2010, to advise of the status of the discovery responses. (*Id.*) This court warned that Plaintiff's failure to comply with this court's order to provide discovery responses could result in a recommendation for dismissal for failure to comply. (*Id.*)

On March 8, 2010, Defendants filed a status report advising the court that Plaintiff had not provided Defendants with any discovery responses. (*See* Doc. No. 94.) Also on March 8, 2010, Defendants filed their motion to dismiss as a sanction. (Mot.) On March 5, 2010, Plaintiff filed "Plaintiff's Response to Show Cause Order" stating that the plaintiff had been in contact with his attorney and that plaintiff intended to respond to the outstanding interrogatories. (Doc. No. 92.) Further, Plaintiff represented that since his incarceration at Bent County Correctional Facility he had experienced difficulties with mail delivery. (*Id.*, ¶ 4.) Plaintiff's counsel requested "additional time to respond to interrogatories and production of documents." (*Id.* ¶ 6.) This court directed the Clerk of Court to correct the docket to reflect that "Plaintiff's Response to Show Cause Order" (Doc. No. 92) is a pending Motion for Extension of Time. (Doc. No. 96 at 3.)

Although counsel professed a belief that the plaintiff would be compliant with his discovery obligations, counsel did not withdraw his pending request to withdraw as counsel for plaintiff and, on March 8, 2010, the District Court granted the Motion to Withdraw. (Doc. No. 94.) On March 26, 2010, Attorney Leonard Martinez again entered his appearance on behalf of the plaintiff (Doc. No. 98) and filed Plaintiff's response to the motion to dismiss (Doc. No. 99.) In his response, Plaintiff states he has

> finished answering the interrogatories propounded upon him by the Defendant's [sic] and such answers have been emailed to Defendant's [sic] counsel. Plaintiff is also working hard to provide all necessary documents to his attorney. Since beginning of March of 2010 Plaintiff has been contacting his attorney on a weekly basis.

(Resp. to Mot. to Dismiss at 2, ¶ 3.) Defendants state, however, that "[u]nverified and incomplete discovery responses were forwarded to defense counsel [on March 26, 2010]." (Resp. to Mot. for Extension, ¶ 4.) Defendants argue the "responses are totally inadequate" and "incomplete, claiming lack of memory or disregarding the relevant time period . . . ." (*Id.*) Additionally, Defendants state that no documents were produced with the responses to the requests for production. (*Id.*) Pursuant to this court's order, the parties submitted status reports on June 8, 2010, in which they advised that no additional documents have been produced by Plaintiff to Defendants since March 26, 2010, and no additional discovery has been exchanged or requested. (*See* Doc. Nos. 106, 107.)

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) **dismissing the action or proceeding in whole or in part**;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(emphasis added). In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party

in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions." *Id.* at 921. "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted). Consideration of the *Ehrenhaus* factors weighs heavily in favor of dismissal with prejudice.

Regarding the first factor, the degree of prejudice to the defendants, the court find that Plaintiff's failure to provide disclosures and discovery complete discovery responses has prevented Defendants from investigating Plaintiff's claims and presenting a defense. Upon review of Plaintiff's discovery responses, this court finds Plaintiff's responses to Interrogatory Nos. 1, 2, 4, 6, insufficient or incomplete. Additionally, Plaintiff's responses to the requests for production of documents are completely unresponsive, as Plaintiff has failed to provide any documents requested by Defendants. Plaintiff has refused to provide information sought through written discovery and has failed to make himself available for deposition. All of the deadlines set forth by this court in the Status/Scheduling Conference have passed. Plaintiff's failure to provide and permit discovery has prevented Defendants from obtaining information necessary to defend this action or to file a timely dispositive motion. Additionally, Plaintiff has caused Defendants needless time and expense in preparing written discovery, attempting to obtain responses to the discovery, filing and attending a hearing on the motion to compel, and filing a motion to dismiss as a sanction.

With regard to the second *Ehrenhaus* factor, the court finds that the plaintiff has significantly interfered with the judicial process. Plaintiff was well aware of the discovery and disclosure deadlines set in this case, his counsel having participated in the Status/Scheduling Conference and having received copies of this court's orders. Nevertheless, Plaintiff has interfered with the judicial process and shown contempt by willfully failing to comply with this court's orders, preventing defendants from conducting discovery, interfering with the discovery schedule, and wasting judicial resources. Plaintiff does not explain why he failed to prosecute this action since the Scheduling Conference on August 11, 2009, or why he did nothing to prosecute his action or contact his attorney prior to his incarceration.

The court further finds Plaintiff culpable for the delays and the violations of this court's orders. Plaintiff has not provided any good faith justification for his failure to participate fully in discovery or to obey court orders and, instead, seeks additional time to comply.

With regard to the fourth *Ehrenhaus* consideration, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, this court specifically warned Plaintiff that his failure to comply with this court's order to provide discovery responses could result in a recommendation for dismissal for failure to comply. (*See* Doc. No. 90.) Moreover, Defendants' motion to dismiss put Plaintiff on notice that his failure to comply would subject his claims to dismissal.

Finally, concerning the efficacy of lesser sanctions, this court finds Plaintiff's failures to obey the orders of this court are simply unacceptable and should not be tolerated. Plaintiff has made very little effort to prosecute this action. Realizing that dismissal with prejudice is a

severe sanction, the court nonetheless believes that no other sanction will be effective. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice). Furthermore, dismissal with prejudice in this case serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.' " *Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, this court

ORDERS that "Plaintiff's Response to Show Cause Order" (Doc. No. 92, docketed as a motion for extension of time to complete discovery) is DENIED. This court further

RECOMMENDS that the Complaint and this action be dismissed in its entirety, with prejudice, under Fed. R. Civ. P. 37(b) and 41(b).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of June, 2010.

BY THE COURT:

/s/ Kathleen M. Tafoya
Kathleen M. Tafoya
United States Magistrate Judge