**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00433-CMA-KMT

ALAN RAMON,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
ERIC DENKE, individually,
KARL ROLLER, individually,
AARON KAFER, individually,
JOHN SPEZZE, individually, and
MICHAEL ANICH, individually,

Defendants.

---

**ORDER AFFIRMING JUNE 22, 2010 RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon the Magistrate Judge's Recommendation of June 22, 2010 (Doc. # 108). She recommends the Court grant Defendants' motion to dismiss (Doc. # 95) and dismiss the case, with prejudice, pursuant to Fed. R. Civ. P. 37(b) and 41(b).

Plaintiff has filed a timely objection to the Recommendation (Doc. # 110). After reviewing the case *de novo*, the Court adopts the Recommendation in full. *See* Fed. R. Civ. P. 72(b)(3).

## I. BACKGROUND

The underlying facts of this case are not relevant to the Recommendation and, thus, will not be recited here. The procedural history, on the other hand, is central to the Court's Order. It is, however, set out at length in the Recommendation, which the Court incorporates herein.

In short, since the Status/Scheduling conference in August 2009, this case has been more or less stalled. At that conference the Magistrate Judge set a discovery cut-off of February 11, 2010 and a dispositive motion deadline of March 11, 2010. (Doc. ## 72, 73.)

Four months later, on December 17, 2009, Defendants filed a motion to compel. (Doc. # 80.) They argued, essentially, that Plaintiff had been ignoring their discovery-related requests. On February 25, 2010, the Magistrate Judge held a hearing on that motion, at which she ordered Plaintiff to submit full discovery responses by March 7, 2010. (Doc. # 90.) On March 5, Plaintiff filed a motion for extension of time to submit those responses. (Doc. # 92.) On March 8, Defendants moved to dismiss the case for Plaintiff's failure to prosecute. (Doc. # 95.) The Magistrate Judge denied Plaintiff's motion for extension of time.[1] She recommends granting Defendants' motion to dismiss.

[1] Nevertheless, on or about March 25, 2010, Plaintiff did provide discovery responses, which Defendants and the Magistrate judge found to be inadequate. (*See* Doc. ## 110, ¶ 4, 99 at 2, ¶ 3, and 108 at 7).

## II. STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## III. DISCUSSION

Defendants move to dismiss the case under Fed. R. Civ. P. 41(b) as a sanction for Plaintiff's failure to prosecute his case. (Doc. # 95.) Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). When evaluating grounds for dismissal of an action under Rule 41(b), the Court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations, ellipses, and internal quotation marks omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).[2]

The Magistrate Judge concluded these factors weigh in favor of dismissing the case with prejudice. Plaintiff objects. He argues generally that dismissal is an extreme sanction and asserts, essentially, that he is now willing to proceed with the case. (*See* Doc. # 110.) He does not expressly address the *Ehrenhaus* factors. Despite the absence of specific objections, the Court has conducted a *de novo* review for purposes of addressing the *Ehrenhaus* factors.

## A. THE DEGREE OF ACTUAL PREJUDICE TO DEFENDANTS

The first factor weighs in favor of dismissal with prejudice. The Magistrate Judge found that Plaintiff's failure to provide disclosures and complete discovery

---

[2] The Magistrate Judge evaluated Defendant's motion to dismiss under Rule 41(b) and Rule 37(b)(2)(A). Because the standards for dismissal under Fed. R. Civ. P. 37 and 41(b) are essentially the same, the Court ignores any distinction between the two and proceeds with its analysis of the *Ehrenhaus* factors. *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

responses have prevented Defendants from investigating Plaintiff's claims and presenting a defense. The Magistrate Judge reviewed Plaintiff's discovery responses and found, in particular, that (1) Plaintiff's responses to Interrogatory Nos. 1, 2, 4, 6, were insufficient or incomplete and that (2) Plaintiff's responses to the requests for production of documents were completely unresponsive, *i.e.*, he provided none of the documents requested by Defendants. The Magistrate Judge also found that Plaintiff had failed to make himself available for deposition. She concluded that Plaintiff's failure to provide and permit discovery has prevented Defendants from obtaining information necessary to defend this action or to file a timely dispositive motion. Plaintiff, she wrote, has caused Defendants needless time and expense in preparing written discovery, attempting to obtain responses to the discovery, filing and attending a hearing on the motion to compel, and filing a motion to dismiss as a sanction. (*See* Doc. # 108 at 7.)

Plaintiff glosses over this factor. He points out in his objection that, despite Defendants' criticisms of his March 2010 discovery responses, Defendants have not filed another motion to compel or motion for sanctions based on those responses. He implies, then, that his answers were adequate. However, the Magistrate Judge, as stated above, thought otherwise. Plaintiff's objection makes no mention of her analysis. He instead states that "it is unclear as to what the Defendant feels is incomplete in the discovery responses." (Doc. # 110, ¶ 8.) Given the Magistrate Judge's analysis, this lack of clarity is baffling.

In any event, the Court agrees with the Magistrate Judge that Defendants have been prejudiced by Plaintiff's lack of participation in this case. Accordingly, this favor favors dismissal.

**B. INTERFERENCE WITH JUDICIAL PROCESS**

The second factor weighs in favor of dismissal with prejudice. The Magistrate Judge found that Plaintiff was aware of the discovery and disclosure deadlines set in the case, yet willfully failed to comply the Court's orders. (Doc. # 108 at 8.)

In his objection, Plaintiff does not dispute he was aware of the various deadlines highlighted by the Magistrate Judge. Nor does he dispute that he has disregarded those deadlines.

The Court agrees with the Magistrate Judge that Plaintiff has interfered with the judicial process. Through his delinquence, Plaintiff has prevented Defendants from conducting discovery, interfered with the discovery schedule, and wasted judicial resources. Thus, this factor favors dismissal.

**C. THE CULPABILITY OF PLAINTIFF**

The third factor, Plaintiff's culpability, also weighs in favor of dismissal with prejudice. The Magistrate Judge found that Plaintiff was culpable for the delays and violations of the court's orders. (Doc. # 108 at 8.) The Court agrees.

Whereas Defendants appear to have been diligent in their efforts to advance the case, Plaintiff has been dilatory. As explained by the Magistrate Judge, he has not provided any good faith justification for his failure to participate in this case. Consequently, this factor favors dismissal.

**D. WHETHER THE COURT WARNED THE PARTY IN ADVANCE THAT DISMISSAL OF THE ACTION WOULD BE A LIKELY SANCTION FOR NONCOMPLIANCE**

As to the fourth factor, Plaintiff has been warned he faced dismissal. At the hearing on February 25, 2010, the Magistrate Judge ordered Plaintiff to submit full discovery responses within ten days (due March 7, 2010) and specifically warned him that his failure to comply could result in a recommendation that the case be dismissed. (*See* Doc. # 90.) Plaintiff concedes this point. In reference to that hearing, he states in his objection that “the court issued a show cause order as to why the case should not be dismissed.” (Doc. # 110, ¶ 3.) Defendants’ motion to dismiss, filed on March 8, 2010, was further notice that Plaintiff’s claims faced dismissal. Finally, the Magistrate Judge’s Recommendation that the case be dismissed should have served as a final warning to Plaintiff. Yet the record indicates he has made no efforts to cure his deficient discovery responses or otherwise remedy his disregard for this case. This factor favors dismissal.

**E. THE EFFICACY OF LESSER SANCTIONS**

Finally, the fifth *Ehrenhaus* factor favors dismissal with prejudice. The Magistrate Judge found that Plaintiff’s failures to obey court orders should not be tolerated and that no other sanction short of dismissal with prejudice would be appropriate. (Doc. # 108 at 8-9.)

The Court agrees. Although the Court could allow Plaintiff additional time to satisfy his discovery obligations, given the tortured history of this case, the Court is not persuaded that doing so would serve the interests of justice. Plaintiff has

demonstrated, at most, a passing interest in the case he initiated. Although the Court is wary of dismissing any case with prejudice, here, given Plaintiff's disregard for his case, the waste of judicial resources, and the time and expense Defendants have invested in defending this lawsuit, the Court finds that dismissing the case, with prejudice, is appropriate.

**IV. CONCLUSION**

The Court agrees with the Magistrate Judge that Plaintiff's case, when evaluated in light of the *Ehrenhaus* factors, should be dismissed with prejudice. Accordingly, it is

ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 108), filed June 22, 2010, is ACCEPTED, and, for the reasons cited therein, Defendants' motion to dismiss, filed March 8, 2010 (Doc. # 95), is GRANTED and this case is hereby DISMISSED WITH PREJUDICE.

DATED: January __21__, 2011

BY THE COURT:

Christine M Arguello
CHRISTINE M. ARGUELLO
United States District Judge